***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission affirms and adopts the Opinion and Award of the Deputy Commissioner.
 ***********
The issues for determination at the hearing of this case before the Deputy Commissioner were (1) whether defendants are responsible for payment of bills for services plaintiff incurred with Thomas Jefferson, a physical therapist; (2) whether plaintiff is entitled to recoup attorney's fees; (3) whether a penalty should be imposed for failure of the defendants to pay Mr. Jefferson timely; (4) whether Mr. Jefferson is entitled to payment of witness fees.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. From approximately 18 October 1999 through approximately 13 January 2000, plaintiff received personal training assistance from Thomas Jefferson, a certified fitness trainer and specialist in performance nutrition. These services were reasonably necessary to effect a cure, give relief or lessen the period of disability resulting from plaintiff's injury at work on 8 January 1996, the compensability which has been previously established.
2. The defense of the issues presented in connection with the hearing in this case was not based upon stubborn, unfounded litigiousness. For example, Mr. Jefferson billed defendant workers' compensation insurance company for an additional whole hour when Mr. Jefferson had worked any fifteen-minute increment above a whole hour. Issues such as this presented confusion in the payment process.
3. Plaintiff is not a licensed attorney, and appears pro se.
4. Mr. Jefferson, while an expert in his field of practice, was appearing as an allied party to collect bills for medical services provided to plaintiff. No subpoena for Mr. Jefferson's appearance at the hearing before the Deputy Commissioner is contained in the Industrial Commission file; therefore, the Full Commission finds that Mr. Jefferson appeared to offer testimony voluntarily.
5. Subsequent to the hearing before the Deputy Commissioner and prior to the issuance of the Opinion and Award on this matter, defendants agreed to pay for services provided by Mr. Jefferson which was the primary issue brought forward for hearing. Plaintiff is not entitled to attorney's fees for representing himself before the Deputy Commissioner, nor is his witness entitled to an attendance fee for voluntarily appearing to testify for plaintiff. However, defendants' delay in paying for the fitness services provided to plaintiff by Mr. Jefferson after being ordered to do so by Deputy Commissioner Chrystal Stanback on 16 May 2000, is illustrative of the litigious course this case has followed. Defendants content that Mr. Jefferson's bill is confusing, and the evidence supports defendants' contention. There is no evidence, however, that defendants sought clarification of Mr. Jefferson's bill. Had defendants taken affirmative steps to clarify this bill, it is likely that the hearing before the Deputy Commissioner could have been avoided. Nevertheless, defendants' conduct does not rise to the level of stubborn, unfounded litigiousness as defined under the Act.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Defendants are responsible for payment of the charges plaintiff incurred with Mr. Jefferson totaling $4,095.00. N.C. Gen. Stat. §§97-2(19), 97-25.
2. Plaintiff is not entitled to recoup attorney's fees as plaintiff is not a licensed attorney in the State of North Carolina and appeared prose. N.C. Gen. Stat. § 97-88.1.
3. As no subpoena was issued for Mr. Jefferson's appearance, he is not eligible for witness fees or mileage reimbursement. N.C. Gen. Stat. § 97-80(e).
4. Defendants have shown reasonable cause as to the failure to initially pay the billings of Mr. Jefferson within the time permitted by law. N.C. Gen. Stat. § 97-18.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay Thomas Jefferson the sum of $4,095.00 for the services that Mr. Jefferson performed for plaintiff.
2. Plaintiff's request for attorney's fees is hereby DENIED.
3. Plaintiff's request that a penalty for late payment of Mr. Jefferson's medical services is DENIED.
This the ___ day of April, 2002.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER